UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PROASSURANCE SPECIALTY			CIVIL ACTION
INSURANCE COMPANY, INC.

VERSUS						NO: 17-2009

COMMUNITY CONNECTION			SECTION: A (1)
PROGRAMS, INC., et al.

### ORDER

Before the Court is a **Motion to Dismiss (Rec. Doc. 32)** filed by Defendant Community Connection Programs, Inc. (CCP). Defendants Josie Livingston and Ronald Livingston adopt CCP's Motion to Dismiss. (Rec. Doc. 38). Plaintiff Proassurance Specialty Insurance Company, Inc. (Proassurance) opposes the Motion. (Rec. Doc. 34). The Motion, set for submission on July 12, 2017, is before the Court on the briefs without oral argument.

**I.  Background**

Proassurance filed its Complaint against Defendants for declaratory judgment seeking a judicial determination concerning the rights and obligation under an insurance policy issued by Proassurance to Defendant CCP. In another litigation in Louisiana state court, Defendants Ronald Livingston and Josie Livingston filed a lawsuit against Defendants CCP, Aerica Douglas, and Keasha Johnson for the alleged wrongful death of their son Brandon Livingston. At the time the Louisiana lawsuit was filed, Proassurance was not a named party but it "agree[d] to defend CCP in the underlying litigation subject to a reservation of rights to deny coverage under the Policy." (Rec. Doc. 1). Proassurance maintains that CCP made material misrepresentations that absolve Proassurance of any liability to CCP under the policy. The alleged material misrepresentations concern CCP's involvement in the Louisiana lawsuit at the time the insurance policy was signed.

1

Right before the instant Motion was filed, CCP filed a third-party demand against Proassurance in the underlying Louisiana litigation for coverage of CCP's liability, if any, as well as defense costs. (Rec. Doc. 32-2). Now, CCP seeks dismissal of this lawsuit asking this Court to abstain from exercising jurisdiction given the underlying Louisiana litigation. (Rec. Doc. 32-1). In the alternative, CCP asks that this Court stay this matter pending resolution of the on-going state-court matter. Proassurance maintains that this Court should not decline to exercise jurisdiction because Proassurance's claim is merely an insurance coverage issue based on the policy between Proassurance and CCP, so this action is "largely separate" from the Louisiana court issues of liability and damages.

## II. Analysis

CCP seeks dismissal of this action largely due to the underlying litigation, or, in the alternative, a stay of this matter pending the resolution of the underlying litigation. Proassurance maintains that the issues in this matter and the underlying litigation are separate, so the Court should not decline to exercise jurisdiction.

The Declaratory Judgment Act gives courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). The United States Court of Appeals for the "Fifth Circuit uses the *Trejo* factors to guide a district court's exercise of discretion to accept or decline jurisdiction over a declaratory judgment suit." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 390 (5th Cir. 2003). These factors include

> 1) Whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses,... 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and ... [7) ]

whether the federal court is being called on to construe a state judicial decree. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

As for the first element – whether there is a pending state action – "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 390-91 (5th Cir. 2003). Here, the insurance policy states that the policy's governing law is the law of the state in which the address of the policyholder is located according to the policy's coverage summary. (Rec. Doc. 1-1, Pg. 14). The coverage summary provides a Louisiana address as the policyholder's address, so the law applicable to the insurance policy is Louisiana law. (Rec. Doc. 1-1, Pg. 5). Thus this declaratory judgment involves only issues of state law.

The parties dispute whether the Louisiana proceeding is parallel. The Court finds that the Louisiana lawsuit is parallel to this declaratory action. In the underlying proceeding, Proassurance agreed to defend CCP. Proassurance named the parties from the underlying proceeding, including the wrongful death plaintiffs, as defendants in this declaratory action. Additionally, whether the CCP made material misrepresentations nullifying the insurance policy at issue depends on the facts found in the underlying proceedings because Proassurance alleges that CCP made misrepresentations concerning the lawsuit brought by the wrongful death plaintiffs against CCP. Finally, Proassurance is now a party to the underlying proceeding. Given these facts, the Court finds that the Louisiana proceeding is parallel to this declaratory action. Thus, because state law is to be interpreted and a parallel case involving these issues is pending, this factor cuts in favor of dismissal.

The second, third and fourth factors - whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, whether plaintiff engaged in forum shopping, and whether

3

inequities exist in allowing Plaintiff to gain precedence in time – "analyze whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Sherwin-Williams Co.*, 343 F.3d at 391. Proassurance asserts that it filed this declaratory action in a good faith effort to resolve the coverage dispute. CCP argues that Proassurance effectively brought this declaratory action in anticipation of a lawsuit because Proassurance must have known that CCP would bring indemnity claims against Proassurance as CCP's insurer. CCP further argues that because Proassurance provided CCP defense in the underlying litigation but did not simply intervene in the underlying action, Proassurance engaged in forum shopping by filing its action in a new forum. However, CCP does concede that their likelihood of suffering inequities is likely a neutral factor.

The Court finds that, although the fourth factor is neutral, the second and third factors support dismissal. The Court does not find that Proassurance engaged in any bad faith, but finds that it would have been more appropriate to have intervened in the underlying litigation than choose a completely different forum to decide whether Proassurance will indeed be liable to indemnify CCP from its liability to the wrongful death Plaintiffs. All of the parties in this declaratory action are present in the underlying suit, whether Proassurance is liable to indemnify CCP depends on the facts surrounding the underlying suit, and Proassurance was already defending CCP in the underlying suit. Given these facts, the Court finds that it would have been more appropriate to resolve the liability issue in the underlying litigation.

The fifth and sixth factors - whether the federal court is a convenient forum and whether retaining the lawsuit would serve judicial economy – are concerned with efficiency. *Sherwin-Williams Co.*, 343 F.3d at 392. The Court finds that these factors support dismissal of this declaratory action. A lawsuit involving the same parties and the same issues remains pending in

4

state court. It would be more convenient for the parties and witnesses to litigate all facets of this matter in the same forum. Litigating all of the claims, including insurance liability, in the same forum would also avoid judicial waste. The final factor - whether the federal court is being called on to construe a state judicial decree – is not a concern here because the Court is not being called upon to construe a state judicial decree.

The Court finds that Defendants are entitled to dismissal of this matter under the *Trejo* factors. An underlying lawsuit is currently pending in Louisiana, Proassurance is now a party to that lawsuit, Proassurance has been defending CCP in the underlying lawsuit, and the resolution of Proassurance's contractual claim depends on CCP's involvement in the underlying lawsuit. Additionally, litigating Proassurance's claim in the underlying litigation would be more convenient for the parties and witnesses and would serve judicial economy. Therefore, this Court declines to exercise jurisdiction over this matter.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 32)** filed by Defendant Community Connection Programs, Inc. is **GRANTED**.

New Orleans, Louisiana this 24th day of July 2017.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE